1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILBERT G. REID and DIANE
REID, husband and wife,

                    Plaintiffs,

        v.

COUNTRYWIDE HOME LOANS,
INC. N/K/A BAC HOME LOAN
SERVICING, L.P.; et al.,

                    Defendants.

C13-436 TSZ

ORDER

        THIS MATTER comes before the Court on Defendants' Motion to Dismiss

Plaintiffs' Complaint, docket no. 6.  Having considered the motion and all pleadings filed

in support of and opposition to the motion, the Court enters the following Order.

**Background**

        On February 22, 2007, Plaintiffs Wilbert and Diane Reid purchased property with

a loan from Defendant Countrywide Home Loans, Inc. ("Countrywide").  Complaint,

docket no. 1 Ex. A, ¶ 3.2.  Plaintiffs executed a Deed of Trust securing the loan which

identified Countrywide as the lender, LS Title of Washington as the Trustee, and

ORDER - 1

Defendant Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary. Compl. Ex. 2. On July 22, 2009, MERS recorded an Appointment of Successor Trustee, appointing Defendant ReconTrust Company, N.A. ("ReconTrust") as Trustee.[1] Id. Ex. 3. On March 12, 2010, MERS recorded a Corporation Assignment of Deed of Trust assigning its beneficial interest to Defendant BAC Home Loans Servicing, L.P. (BAC). Id. On March 19, 2010, ReconTrust recorded a Notice of Trustee Sale scheduling a sale of Plaintiffs' property for June 18, 2010, and listing total loan arrears of $228,932.68. Id. The property was sold to BAC on June 19, 2010. Compl. ¶¶ 3.3, 3.7; Ex. 3. BAC conveyed Plaintiffs' property to a third party on April 20, 2011. Compl. ¶ 3.8.

Plaintiffs brought suit against Defendants in King County Superior court on January 30, 2013. Notice of Removal, docket no. 1. Plaintiffs allege five causes of action: (1) Misrepresentation; (2) Unfair Deceptive Acts and Practices in violation of Washington Consumer Protection Act ("CPA"); (3) Breach of Good Faith; (4) Negligence; and (5) Emotional Distress. Compl. at pp. 13 – 17.

**Discussion**

**A. Standard of Review**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege "enough facts to state a claim for relief that is

---

[1] Plaintiffs assert that each of the recorded documents was improperly executed because the documents were "robo-signed" and notarized after signing. For example, the Appointment of Successor Trustee was executed on June 30, 2008, notarized on July 1, 2009, and recorded on July 22, 2009. Compl. Ex. 3. Plaintiffs also assert that MERS was not authorized to appoint a successor trustee because MERS was not a beneficiary with that authority. The Court does not reach these issues in deciding the pending motion.

ORDER - 2

1  plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Dismissal

2  is proper under Rule 12(b)(6) "if it appears beyond doubt that the plaintiff can prove no

3  set of facts to support his claims." <u>Manshardt v. Fed. Judicial Qualifications Comm.</u>, 408

4  F.3d 1154, 1156 (9th Cir. 2005).  In reviewing the adequacy of the complaint, the Court

5  must accept all well-pleaded allegations as true, <u>South Ferry LP, No. 2 v. Killinger</u>, 542

6  F.3d 776, 782 (9th Cir. 2008), and draw all reasonable inferences in favor of the plaintiff.

7  <u>Twombly</u>, 550 U.S. at 555.  In other words, "[t]o survive a motion to dismiss, a

8  complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

9  that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal

10  quotation omitted).

11  **B.  Waiver of Claims**

12  Defendants ask that Plaintiffs' claims for breach of good faith, negligence, and

13  emotional distress be dismissed as waived because Plaintiffs failed to enjoin the

14  foreclosure sale.  Plaintiffs argue that waiver is an equitable doctrine and should not be

15  applied in this case.

16  It is undisputed that Plaintiffs failed to pursue presale remedies provided for in RCW

17  § 61.24.130.  "Waiver is an equitable principle that can apply to defeat someone's legal

18  rights where the facts support an argument that the party relinquished their rights by

19  delaying in asserting or failing to assert an otherwise available adequate remedy." <u>Albice</u>

20  <u>v. Premier Mortg. Servs. of Wash., Inc.</u>, 174 Wn.2d 560, 569 (2012).  In the foreclosure

21  setting, "waiver of any postsale challenge occurs where a party (1) received notice of the

22  right to enjoin the sale, (2) had actual or constructive knowledge of a defense to

23

1  foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order

2  enjoining the sale." Id. (quoting Plein v. Lackey, 149 Wn.2d 214, 227, (2003)).

3      The courts should "apply waiver only where it is equitable under the circumstances

4  and where it serves the goals of the [Washington Deed of Trust Act]." Id.  The three

5  goals of the Act are "efficiency, ensuring an adequate opportunity to prevent wrongful

6  foreclosure, and promoting the stability of land titles." Tran v. Bank of Am., N.A., 2012

7  U.S. Dist. LEXIS 157165, 7-8 (W.D. Wash. Nov. 1, 2012) (citing Albice, 174 Wn.2d at

8  567, 569).  "[I]n determining whether waiver applies, the second goal—that the

9  nonjudicial foreclosure process should result in…interested parties having an adequate

10 opportunity to prevent wrongful foreclosure—becomes particularly important." Albice,

11 174 Wn.2d at 571.

12     The Court holds that application of waiver is proper and equitable under the

13 circumstances of this case and dismisses Plaintiffs' claims for breach of good faith,

14 negligence, and emotional distress with prejudice.  Plaintiffs have not alleged any facts

15 showing that they were not given an adequate opportunity to prevent the foreclosure.

16 Plaintiffs have not disputed that they received notice of the trustee sale and have not

17 alleged that there were any barriers preventing them from seeking a presale injunction.

18 Plaintiffs argue that they were not aware of Defendants' allegedly wrongful conduct until

19 their documents were reviewed in late 2012, however, all of the documents giving rise to

20 the Plaintiffs' claims were in their possession and Plaintiffs fail to show any reason they

21 were unable to pursue presale remedies at the time of the foreclosure.

22

23

ORDER - 4

1

**C.  Statute of Limitations**

2

Defendants also ask that Plaintiffs' claims for misrepresentation and violations of the

3  CPA be dismissed as time-barred pursuant to RCW § 61.24.127(2), which requires that

4  such claims "must be asserted or brought within two years from the date of the

5  foreclosure sale or within the applicable statute of limitations for such claim, whichever

6  expires earlier."  Plaintiffs argue that they are not subject to the two-year limitation

7  because the discovery rule should apply to preserve their claims against the Defendants.

8

The discovery rule "tolls the running of the statute of limitations until the plaintiff has

9  knowledge of the "facts" which give rise to the cause of action; it does not require

10  knowledge of the existence of a legal cause of action itself."  Richardson v. Denend, 59

11  Wn. App. 92, 95-96 (1990).  The discovery rule exists because a statute of limitations

12  does not begin to run until a cause of action "accrues," and in some cases a cause may not

13  accrue immediately if the plaintiff does not have knowledge of the facts giving rise to the

14  cause of action.  Gazija v. Nicholas Jerns Co., 86 Wn.2d 215, 219 (1975).

15

The discovery rule does not apply to toll the two-year limitation provided by RCW §

16  61.24.127(2) because the statute does not state that a claim must be brought within two

17  years from the date a claim accrues.  Rather, the statute plainly states that the claim must

18  be "brought within two years from the *date of the foreclosure sale*."  RCW §

19  61.24.127(2) (emphasis added).  Because the Plaintiffs failed to bring their claims of

20  misrepresentation and violation of the CPA within two years from the date of the

21  foreclosure sale, Plaintiffs claims are time-barred and will be dismissed with prejudice.

22

23

ORDER - 5

**D.  Leave to Amend Complaint**

Plaintiffs request that leave be granted to amend the Complaint, but the deficiencies in the Complaint cannot be cured by amendment and the Court holds that granting leave to amend would be futile.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("court should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

**Conclusion**

The Court holds that Plaintiffs' claims for breach of good faith, negligence, and emotional distress have been waived by Plaintiffs' failure to pursue presale remedies available prior to the foreclosure.  In addition, the Court holds that Plaintiffs' claims for misrepresentation and violations of the CPA are time-barred pursuant to RCW § 61.24.127(2) because the claims were not brought within two years from the date of the foreclosure sale.  The Court holds that Plaintiffs' request to amend the Complaint is futile because the pleading could not be cured by the allegation of other facts.  The Court GRANTS Defendants' Motion to Dismiss, docket no. 6, and DISMISSES Plaintiffs' claims with prejudice and without leave to amend.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 10th day of May, 2013.

THOMAS S. ZILLY
United States District Judge

ORDER - 6